IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT CHAVEZ,

    Petitioner,

vs.                                                                                         No. CIV 20-0025 JB/JHR

STATE OF NEW MEXICO,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Petitioner Robert Chavez' failure to prosecute his Motion to Toll Time Limit on Federal Habeas Corpus Petition, filed January 7, 2020 (Doc. 1)("Toll Motion"). Also before the Court is Chavez's Request [to] Stay to Exhaust State Remedies, filed June 24, 2022 (Doc. 6)("Stay Motion"). The Honorable Jerry H. Ritter, United States Magistrate Judge for the United States District Court for the District of New Mexico, recently directed Chavez to file a 28 U.S.C. § 2254 habeas petition raising substantive claims and address the $5.00 habeas filing fee. See Order to Cure Deficiencies, filed April 12, 2022 (Doc. 3)("Cure Order"). Because Chavez has not complied with the Cure Order, the Court, having reviewed the applicable law and the record, will deny the Toll Motion and the Stay Motion, and dismiss this matter without prejudice.

**BACKGROUND**

Chavez is a State prisoner proceeding pro se. He commenced this case on January 7, 2020 by filing the Toll Motion. See Toll Motion at 1. Chavez asks the Court to "toll the time limit on Federal Habeas Corpus Petition" in connection with State v. Robert Chavez, D-1215-cr-2012-323, County of Otero, Twelfth Judicial District Court, State of New Mexico, "while [he] . . . exhaust[s]

all of [his] . . . state remedies." Toll Motion at 1. The Court referred this matter to Magistrate Judge Ritter for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases, filed January 7, 2020 (Doc. 2).

The Toll Motion does not specify what habeas claims Chavez intends to assert. See Toll Motion at 1. Chavez instead requests that the Court toll the habeas limitation period because of Chavez' practical difficulties meeting the statute of limitations. See Toll Motion at 1-2. The Toll Motion also does not identify any procedural information about Chavez' state criminal judgment, which is used to calculate the habeas statute of limitations. See 28 U.S.C. § 2244(d)(1) (stating that the one-year habeas limitation period generally begins to run on "the date on which the [State] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999)(stating that, for § 2254's purposes, a judgment's finality depends on whether the petitioner filed a direct appeal and, if such appeal was unsuccessful, whether the petitioner filed a petition for certiorari with the Supreme Court of the United States of America). The official 28 U.S.C. § 2254 petition form contains blank spaces for information regarding the State judgment and appeal process, and, when completed, the official form satisfies the pleading requirements of rule 2(c) of the Rules Governing Section 2254 Cases. See Rules Governing Section 2254 Cases in the United States District Courts 2(c), effective Feb. 1, 1977, as amended to Dec. 1, 2019. In the April 12, 2022, Cure Order, Magistrate Judge Ritter directs Chavez to file his claims on the official § 2254 form. See Cure Order at 1. Magistrate Judge Ritter also directs Chavez to prepay the $5.00 habeas filing fee or, alternatively, file a motion to proceed in forma pauperis. See Cure Order at 1. The Clerk's Office mailed Chavez a blank § 2254 petition form and a blank motion to proceed in forma pauperis. See Staff Note, filed April 13, 2022 (text only entry, no docket number). The

Cure Order warns that the "failure to timely comply with both directives . . . will result in dismissal of this action without prejudice and without further notice."  Cure Order at 1.

Chavez then filed a Motion for Extension of Time, filed May 9, 2022 (Doc. 4)("Extension Motion"), to comply with the Cure Order.  In the Extension Motion, Chavez indicated he needed more access to the law library to complete his § 2254 petition; he had an upcoming trial; and he was conducting "Discovery on A Case [in which he] was Found Not Guilty Before A Jury Trial."  See Motion for Extension at 1 (capitalization in original).  Magistrate Judge Ritter extended the deadline to comply with the Cure Order through July 12, 2022.  See Order Granting Extension, filed May 10, 2022 (Doc. 5)("Extension Order").  The Extension Order reiterates that, "[i]f Petitioner fails to timely comply with both directives in the Cure Order (Doc. 3), this case may be dismissed without further notice."  Extension Order at 1.

Chavez did not file a completed § 2254 petition or address the habeas filing fee.  Instead, he filed the Stay Motion on June 24, 2022.  See Stay Motion at 1.  Chavez asks the Court "to stay the federal proceedings on this case so that [he] . . . can return to the state court . . . with a state petition for writ of habeas corpus with 4 new issues . . . ."  Stay Motion at 1.  Chavez also acknowledges the July 12, 2022, deadline to file a § 2254 petition and states that if he does not obtain a stay, he will "have the proper paper work submitted by July 12, 2022."  Stay Motion at 1. Chavez did not file a § 2254 petition or address the filing fee, nor has he submitted further filings showing cause for such failure.  The Court therefore will consider whether to dismiss this matter for lack of prosecution, and for failure to comply with rules and orders.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil

Procedure] or a court order." Fed. R. Civ. P. 41(b). See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("'A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.'" (quoting Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002))). As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ." Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d at 1162. "'[T]hese criteria include: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."'" Nasious v. Two

Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1162 (quoting Olsen v. Mapes, 333 F.3d at 1204 (quoting Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994))).

Here, Chavez has not filed substantive claims, moving instead to stay this federal case indefinitely while he prosecutes a state habeas proceeding. Mixed petitions, containing both exhausted and unexhausted claims, can be held "in abeyance while the petitioner returns to state court to raise his unexhausted claims." Fairchild v. Workman, 579 F.3d 1134, 1156 (10th Cir. 2009)(citing Rhines v. Weber, 544 U.S. 269, 270 (2005)). However, such relief is not available here, because Chavez has not filed a petition raising substantive claims. The Court also notes that Chavez' original request for tolling cannot overcome his failure to file a substantive § 2254 petition. The "time spent in federal habeas review" does not toll the habeas limitation period, York v. Galetka, 314 F.3d 522, 526 (10th Cir. 2003), and relation back is relevant only where the opening pleading raises substantive claims, see United States v. Roe, 913 F.3d 1285, 1298 (10th Cir. 2019)(stating that relation back can apply in habeas proceedings, but "the original and amended [petitions must] state claims that are tied to a common core of operative facts"). Moreover, even if the Court were inclined to overlook Chavez' failure to file a § 2254 petition as directed -- based on his desire to leave this habeas case pending on the docket before asserting any claims -- he has not explained his failure to pay the habeas filing fee. As noted above, two separate Orders warn that the Court will dismiss this case without further notice unless Chavez complies with both directives, i.e., to timely file a § 2254 petition, and to prepay the filing fee or file a motion to proceed in forma pauperis. See Cure Order at 1; Extension Order at 1. For these reasons, the Court will deny Chavez's Toll Motion and Stay Motion without prejudice, and dismiss this case pursuant to rule 41(b) for failure to prosecute. See Olsen v. Mapes, 333 F.3d 1199 at 1204; Fed. R. Civ. P. 41(b). The dismissal will be without prejudice, after considering the factors

in <u>Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center</u>, 492 F.3d 1162.[1]

**IT IS ORDERED** that: (i) the Petitioner's Motion to Toll Time Limit on Federal Habeas Corpus Petition, filed January 7, 2020 (Doc. 1), is denied without prejudice; (ii) the Petitioner's Request [to] Stay to Exhaust State Remedies, filed June 24, 2022 (Doc. 6), is denied without prejudice; (iii) this civil case is dismissed without prejudice; and (iv) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Robert Chavez
Hobbs, New Mexico

    *Petitioner pro se*

---

[1] To the extent that this Memorandum Opinion and Order functions as a dismissal with prejudice, based on the yet-to-be disclosed timeline of State court filings and the habeas statute of limitations, the analysis is the same. Chavez has had ample time to prosecute § 2254 claims, and he has made no effort to pay the filing fee or file a § 2254 petition despite multiple warnings about dismissal.